Our file No. 202602

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **HARTT TRANSPORTATION SYSTEMS, INC.,** : | | **DOCKET NO.** |
| **Plaintiff** : | | |
| v. : | | **COMPLAINT** |
| **CHRASHAUNA S. BALL; BHF LOGISTICS INC.; JOHN DOES 1-5 (fictitious); and XYZ COMPANIES 1-5 (fictitious),** : | | |
| **Defendants** : | | |

Hartt Transportation Systems, Inc., by and through its attorneys, Salmon Ricchezza Singer & Turchi, LLP, herein avers as follows:

## PARTIES

1. At all times relevant hereto, Hartt Transportation Systems, Inc. is corporation organized under the laws of the State of Maine with its principal place of business in the State of Maine at 262 Bomarc Road, Bangor, Maine.

2. At all times relevant hereto, Chrashuana S. Ball is an adult individual and a citizen of the State of Connecticut with an address of 124 Bonner Street, Hartford, Connecticut.

3. At all times relevant hereto, BHF Logistics Inc. is a corporation organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut at 321 Ellis Street, New Britain, Connecticut.

4. John Does 1-5 are the fictitious designations of as-yet unidentified individuals who caused or contributed to the accident and damages set forth herein.

5. XYZ Companies 1-5 are the fictitious designations of as-yet unidentified legal entities that caused or contributed to the accident and damages set forth herein.

## JURISDICTION AND VENUE

6. The United States District Court for the District of New Jersey has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship as plaintiff is a citizen of the State of Maine and identified defendants are citizens of the State of Connecticut.  Moreover, the amount in controversy exceeds $75,000.

7. Venue in the United States District Court for the District of New Jersey, Newark Vicinage, is proper because the motor vehicle accident giving rise to this action occurred in Edison Township, Middlesex County, New Jersey.

## COUNT I – NEGLIGENCE
## HARTT TRANSPORTATION SYSTEMS, INC. v. CHRASHUANA S. BALL

8. Plaintiff, Hartt Transportation Systems, Inc., incorporates the foregoing paragraphs of its Complaint as fully as if set forth herein at length.

9. On or about January 21, 2022, Chrashuana S. Ball was the operator of a tractor trailer owned by BHF Logistics Inc. in the course of her employment therewith on the northbound New Jersey Turnpike at or near milepost 087.10 in Edison Township, New Jersey.

10. As a result of the carelessness, negligence and want of due care of Chrashuana S. Ball in the operation of the tractor trailer she caused a motor vehicle accident in which a tractor trailer owned by Hartt Transportation Systems, Inc. was damaged and disabled.

11. As a result of the carelessness, negligence and want of due care of Chrashuana S. Ball, Hartt Transportation Systems, Inc. sustained damages in excess of $75,000, including, but not limited to, property damage; towing, remediation and storage charges; business interruption; loss of use; and consequential damages.

{J0774299.DOCX}

WHEREFORE, Hartt Transportation Systems, Inc., demands judgment in its favor and against Chrashuana S. Ball, together with costs and interests and such other relief as this Honorable Court deems just and reasonable.

**COUNT II – VICARIOUS LIABILITY**
**HARTT TRANSPORTATION SYSTEMS, INC. v. BHF LOGISTICS INC.**

12. Plaintiff, Hartt Transportation Systems, Inc., incorporates the foregoing paragraphs of its Complaint as fully as if set forth herein at length.

13. At all times relevant hereto Chrashuana S. Ball was an agent and/or employee of BHF Logistics, Inc. such that the negligence, carelessness and want of due care of Chrashuana S. Ball is strictly and vicariously imputed to BHF Logistics Inc.

14. As a result of the vicarious carelessness, negligence and want of due care of BHF Logistics Inc., Hartt Transportation Systems, Inc. sustained damages in excess of $75,000, including but not limited to, property damage; towing, remediation and storage charges; business interruption; loss of use; and consequential damages.

WHEREFORE, Hartt Transportation Systems, Inc., demands judgment in its favor and against BHF Logistics Inc., together with costs and interests and such other relief as this Honorable Court deems just and reasonable.

**COUNT III – NEGLIGENCE**
**HARTT TRANSPORTATION SYSTEMS, INC. v. BHF LOGISTICS INC.**

15. Plaintiff, Hartt Transportation Systems, Inc., incorporates the foregoing paragraphs of its Complaint as fully as if set forth herein at length.

16. At all times relevant hereto, BHF Logistics Inc. owned, maintained, serviced and repaired the tractor trailer operated by Chrashuana S. Ball at the time and place of the subject accident.

17. The negligence, carelessness and want of due care of BHF Logistics Inc. in the maintenance, service and repair of the tractor trailer caused and/or contributed to the accident.

18. As a result of the carelessness, negligence and want of due care of BHF Logistics Inc., Hartt Transportation Systems, Inc. sustained damages in excess of $75,000, including but not limited to, property damage; towing, remediation and storage charges; business interruption; loss of use; and consequential damages.

WHEREFORE, Hartt Transportation Systems, Inc., demands judgment in its favor and against BHF Logistics Inc., together with costs and interests and such other relief as this Honorable Court deems just and reasonable.

## COUNT IV – NEGLIGENCE
## HARTT TRANSPORTATION SYSTEMS, INC. v. JOHN DOES 1-5

19. Plaintiff, Hartt Transportation Systems, Inc., incorporates the foregoing paragraphs of its Complaint as fully as if set forth herein at length.

20. On or about January 21, 2022, John Does 1-5 were the operators of a tractor trailer owned by BHF Logistics Inc. and/or XYZ Companies 1-5 in the course of their employment therewith on the northbound New Jersey Turnpike at or near milepost 087.10 in Edison Township, New Jersey.

21. As a result of the carelessness, negligence and want of due care of John Does 1-5 in the operation of the tractor trailer they caused a motor vehicle accident in which a tractor and trailer owned by Hartt Transportation Systems, Inc. were damaged and disabled.

22. As a result of the carelessness, negligence and want of due care of John Does 1-5, Hartt Transportation Systems, Inc. sustained damages in excess of $75,000, including but not limited to, property damage; towing, remediation and storage charges; business interruption, loss of use and consequential damages.

{J0774299.DOCX}

WHEREFORE, Hartt Transportation Systems, Inc., demands judgment in its favor and against John Does 1-5, together with costs and interests and such other relief as this Honorable Court deems just and reasonable.

### COUNT V – VICARIOUS LIABILITY
### HARTT TRANSPORTATION SYSTEMS, INC. v. XYZ COMPANIES 1-5

23. Plaintiff, Hartt Transportation Systems, Inc., incorporates the foregoing paragraphs of its Complaint as fully as if set forth herein at length.

24. At all times relevant hereto Chrashuana S. Ball and/or John Does 1-5 were the agents and/or employees of XYZ Companies 1-5 such that the negligence, carelessness and want of due care of Chrashuana S. Ball and/or John Does 1-5 is strictly and vicariously imputed to XYZ Companies 1-5.

25. As a result of the vicarious carelessness, negligence and want of due care of XYZ Companies 1-5, Hartt Transportation Systems, Inc. sustained damages in excess of $75,000, including but not limited to, property damage; towing, remediation and storage charges; business interruption, loss of use and consequential damages.

WHEREFORE, Hartt Transportation Systems, Inc., demands judgment in its favor and against XYZ Companies 1-5, together with costs and interests and such other relief as this Honorable Court deems just and reasonable.

### COUNT III – NEGLIGENCE
### HARTT TRANSPORTATION SYSTEMS, INC. v. XYZ COMPANIES 1-5

26. Plaintiff, Hartt Transportation Systems, Inc., incorporates the foregoing paragraphs of its Complaint as fully as if set forth herein at length.

27. At all times relevant hereto, XYZ Companies 1-5 owned, maintained, serviced and repaired the tractor trailer operated by Chrashuana S. Ball and/or John Does 1-5 at the time and place of the subject accident.

28. The negligence, carelessness and want of due care of XYZ Companies 1-5 in the maintenance, service and repair of the tractor trailer caused and/or contributed to the accident.

29. As a result of the carelessness, negligence and want of due care of XYZ Companies 1-5, Hartt Transportation Systems, Inc. sustained damages in excess of $75,000, including but not limited to, property damage to the tractor and trailer; towing, remediation and storage charges; business interruption, loss of use and consequential damages.

WHEREFORE, Hartt Transportation Systems, Inc., demands judgment in its favor and against XYZ Companies 1-5, together with costs and interests and such other relief as this Honorable Court deems just and reasonable.

                SALMON RICCHEZZA SINGER & TURCHI, LLP

By:    s/ Jeffrey A. Segal, Esquire
      Jeffrey A. Segal, Esquire
      Jonathan C. Springer, Esquire
      123 Egg Harbor Road Suite 406
      Sewell, NJ 08080
      (856) 354-8074
      jsegal@srstlaw.com
      jspringer@srstlaw.com
      Attorneys for Plaintiff, Hartt Transporation Systems, Inc.